MAX N. TOBIAS, JR., Judge.
|]We grant the rehearing application of James P. Favrot, Trustee of the H.M. Favrot, Jr. Trust # 3, finding merit to only one of the issues raised. On rehearing, Mr. Favrot urges that we should not - have ruled that the attorney’s fees incurred by the trust to defend against T. Semmes Favrot’s claims had to be split among the four beneficiaries of the trust and not allocated solely to Semmes.
We were bound by the record on appeal as designated by the parties. La. C.C.P. art. 2128. In rendering a decision, we noted many things that were not disclosed by the record before us, which hampered our ability to be unequivocal.
The record before us did not indicate that James, Kathleen, and Caroline had ever urged that Semmes had been frivolous, proceeded in bad faith, or abused process. In view of the absence of such specific allegations in a pleading,[1] we understood from James’ briefs and the record that frivolity, bad faith, and abuse of process were mere arguments as to why James was justified in not assessing those attorney’s fees to Kathleen’s, Caroline’s, and his beneficiary interest in the trust.
li>The issue of allocation of expenses among the four beneficiaries came to us on a motion for summary judgment. Our decree should have reflected that we were merely ruling that the motion for summary judgment was being denied and the matter remanded for further proceedings.
Therefore, we amend our former decree to reflect that the motion for summary judgment on the issue of the allocation of attorney’s fees is denied, and the case is remanded to the trial court for further proceedings. La. C.C.P. art. 2164.
REHEARING GRANTED; JUDGMENT MODIFIED: REMANDED.

. See La. C.C.P. art. 852.